# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

MERRY E. WEST,

    *Petitioner*,

vs.

STATE OF NEVADA,,

    *Respondent*.

2:13-cv-00959-JCM-VCF

ORDER

    This habeas matter challenging a Nevada state conviction comes before the court on, *inter alia*, petitioner's application (#2) for leave to proceed *in forma pauperis.*

    The papers presented are subject to multiple substantial defects.

    The court notes that the action was improperly commenced at its inception. Petitioner filed a notice of appeal seeking to directly appeal an adverse decision of the state supreme court on her state post-conviction appeal directly to this court. A federal district court does not have appellate jurisdiction over a state supreme court. *See, e.g. Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003). In filing a notice of appeal seeking to appeal a decision of the state supreme court, petitioner unquestionably sought to invoke appellate jurisdiction by the federal district court over the state supreme court. The court does not have such jurisdiction. Petitioner further failed to either pay the filing fee or submit a pauper application with the notice of appeal.

    The court looks beyond these particular initial deficiencies, however, because petitioner has filed a pauper application and habeas petition in the interim.

1   The papers currently presented, however, also are subject to substantial defects.

2   First, the pauper application (#2), which further is not on the current version of the
3   required form, does not have the required financial attachments. Under 28 U.S.C. §
4   1915(a)(2) and LSR 1-2 of the local rules, petitioner must attach both an inmate account
5   statement for the past six months and a properly executed financial certificate with the pauper
6   application. The financial certificate attached was not from the required form, and petitioner
7   did not attach an inmate account statement for the prior six months.

8   Second, the petition also is not on the required form. Under LSR 3-1 of the local rules,
9   a petitioner must file the petition on the court's required § 2254 petition form. The petition
10  presented appears to be an amalgam of multiple forms, including what may be an older
11  national form. Petitioner must use the court's required form for the entirety of the petition.

12  Third, petitioner has not named the proper respondent. Petitioner must name her
13  current physical custodian, the warden of the institution in which she is housed, as
14  respondent. Petitioner may not proceed in federal court directly against the State of Nevada,
15  regardless of the relief sought. *See, e.g., Pennhurst State School & Hospital v. Halderman*,
16  465 U.S. 89, 100-01 (1984).

17  Due to these multiple substantial defects, the petition in this improperly-commenced
18  action will be dismissed without prejudice. It does not appear that a dismissal without
19  prejudice would result in a promptly-filed new action being untimely.[1]

20  IT THEREFORE IS ORDERED that the application (#2) to proceed *in forma pauperis*
21  is DENIED without prejudice and that the petition shall be DISMISSED without prejudice.

---

[1] The papers presented together with the online dockets of the state courts reflect the following. Petitioner was convicted, pursuant to a jury verdict, of burglary, unauthorized signing of a credit or debit transaction, and possession of a credit or debit card without the cardholder's consent. The conviction was affirmed on direct appeal in an April 16, 2010, decision. The time period for filing a petition for a writ of *certiorari* expired on July 15, 2010. Petitioner filed a state post-conviction petition on or about December 1, 2010, after approximately five months and two weeks had expired in the federal limitation period, absent other tolling or delayed accrual. Proceedings on that petition remained pending through the issuance of the remittitur on the post-conviction appeal on May 8, 2013, approximately one month and three weeks prior to the mailing of the federal petition for filing. It thus would appear that petitioner has substantial time remaining in the federal limitation period at the time of this dismissal. Petitioner at all times remains responsible for calculating the running of the federal limitation period and properly commencing an action timely.

1    IT FURTHER IS ORDERED that a certificate of appealability is DENIED, as jurists of reason would not find the dismissal of this improperly-commenced action to be either debatable or incorrect, given the absence of any substantial prejudice to petitioner from the dismissal without prejudice.

   IT FURTHER IS ORDERED that all pending motions, including the motion for appointment of counsel, are DENIED without prejudice.[2]

   The clerk of court shall SEND petitioner with this order two copies each of the noncapital habeas petition form and prisoner pauper application along with one copy of the instructions for each form and of the papers submitted in this action.

   The clerk shall enter final judgment accordingly, dismissing this action without prejudice.

DATED: August 12, 2013.

_____
JAMES C. MAHAN
United States District Judge

---

[2] The conclusory one-page counsel motion does not demonstrate that the interests of justice require the appointment of counsel prior to the dismissal without prejudice. Nevada state statutory and constitutional law does not apply in this federal habeas matter, and the federal constitution does not require appointment of counsel in federal habeas proceedings as a matter of course.